JAMES SHORT, Respondent, *v.* WILLIAM BARRY, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1870.)

A complaint averred the dissolution of a copartnership, upon the plaintiff's agreement to sell his interest therein to the defendant, his copartner, for half the value of the firm assets, less its liabilities, which the defendant was to assume, the valuation of the assets, a determination of the amount of debts and of the sum to be paid, and surrender of the firm property to the defendant, and demanded judgment for the sum ascertained; or, in the alternative, an account of the partnership dealings, and the sum found due thereon.—*Held*, that the action was in its nature *assumpsit*, and the prayer for an accounting inconsistent with the case, made by the complaint, and nugatory.

And a referee to hear and determine the action, having found facts, which, in case the defendant had refused or evaded an accounting, would have enabled the plaintiff to·maintain an action therefor, and proceeded, against the defendant's objection, to take an account between the parties, and directed judgment for the sum found due thereon.—*Held*, that the referee erred in taking the account.

It seems that in an action for an accounting the judgment should be conclusive upon the parties upon all questions between them arising on the accounting.

And that a receiver should be appointed for the collection or sale of unsettled assets, and the judgment should dispose of all accounting between the parties as to such assets.

In an action in equity for an accounting between copartners judgment cannot be rendered for goods sold and delivered, nor can an accounting be had in an action simply for goods sold, &c.

APPEAL from a judgment rendered in favor of plaintiff on the report of a referee.   The facts are stated in the opinion of the court.

*N. Whiting,* for the respondent.

*D. O'Brien,* for the appellant.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—TALCOTT, J. The complaint in this action was clearly in an action at law. It states that the plaintiff and defendant were copartners in mercantile business; that they dissolved their copartnership in December, 1868, at which time it was agreed that an inventory should be taken of the assets of the firm, including the notes and accounts due to it, and that the defendant should pay to the plaintiff one-half of the amount of the inventory, deducting a certain debt due from the plaintiff to one McCormick, and also deducting one-half the liabilities of the firm, which the defendant assumed to pay; and that thereupon such inventory was taken; the precise amount due to the plaintiff ascertained and agreed upon, and the defendant went into possession, and has ever since held the possession. The complaint also claimed to recover for the services of his minor son, who, he alleges, had been employed by the firm on a *quantum meruit* agreement, and he avers the value of the son's services. For this aggregate amount he demanded judgment. On this complaint, and affidavits tending to show that the defendant was about to depart from the State with intent to defraud his creditors, plaintiff obtained an order of arrest. A motion was made at Special Term to vacate the order of arrest, which was denied. The case is reported in 39 How. Prac. R., 326. The order of the Special Term was affirmed at the last June term of this department. The demand for judgment also contains a demand that an account of the partnership dealings be taken, and that the plaintiff have judgment for the balance found due him on such account. The answer sets up that the agreement was, that the defendant should take the goods and pay the debts of the firm, and should pay the plaintiff one-half of the value of the goods

Short *v.* Barry.

after the debts were paid; and that the notes and accounts due the firm were to be left with the defendant for collection, and the plaintiff's one-half was to be paid over to him on collection.  The referee found the agreement to have been different from the statement of either party. He found that the plaintiff sold out "*his interest* in the stock of goods of said firm to the defendant without specifying the time for the payment thereof," that an inventory was taken of the goods, and they were left and remained in the possession of the defendant, and that it was also then agreed that the notes and accounts due the firm should be left in the possession of the defendant " and he should collect the same, and should pay the debts due by said firm."   That they were so left, and that defendant has collected a large amount thereof, and has paid all the debts of the firm and the debt due from the plaintiff to McCormick, which he finds was paid at the request of the plaintiff, without finding that it was a part of the agreement on the dissolution, that it should be so paid.

Upon the state of facts so found by him, the referee determined, as matter of law, " that the interest of said plaintiff in said stock of goods was to be paid for immediately by the said defendant, and that an account should be taken between the said parties of the business of said firm."

And he thereupon proceeded to take an account as in equity, and as of the date of his report, charging the defendant in the account with more than $700 for moneys collected by him after the action was commenced, and rendering a judgment against the defendant of $1,359.22, as a balance of the account due from the defendant to the plaintiff at the date of the report, and reporting that there was then, still uncollected, quite an amount of the notes and accounts due the firm, the precise amount of which he " did not and could not ascertain," and in respect to which he makes no provision whatever.  In various forms and in various stages of the case the defendant objected to this taking of an account, and excepted to the referee's ruling on the subject.  If this were an action for

an account in equity the judgment ordered by the learned referee would, I think, be imperfect. In such a case the final judgment between the parties should fully settle and finally determine all the questions between them arising upon an accounting in respect to the affairs of the copartnership.

In this case the referee has left open the door for an indefinite number of future suits concerning amounts which may hereafter be collected, or alleged to have been collected on the notes and accounts still remaining uncollected, and the number, amount or value of which are wholly undetermined by the judgment. In such a case a receiver should have been appointed to collect or sell the uncollected assets, and the final judgment should have disposed of all accounting between the parties as to such remaining assets.

But I am of the opinion that the referee erred in going into and proceeding to take an account. The complaint was upon a promise to pay an agreed and specified balance on the sale and delivery of personal property. It did not allege that there was any open or unsettled account between the parties, nor did it contain any allegations, such as fraud, accident, or mistake, upon which an account stated and adjusted, is to be opened and retaken. Nor did it even allege that the defendant had ever neglected or refused to account, or any fact or circumstance showing the taking of an account to be necessary or proper.

The demand for an account was merely nugatory; it was not only wholly unsupported by any allegations of the complaint, but was inconsistent with the case made by the complaint, which asserted that the account was adjusted, the amount liquidated and the balance agreed to be paid. On the findings of the referee it is no doubt true that an account is necessary to settle the equities between the parties; and an action might be maintained for that, provided the defendant should refuse or evade such accounting, or to pay the balance. But that is not the cause of action set up in the complaint. It is a wholly different cause of action, being one of purely equitable cognizance; whereas, the present action is on an

assumpsit at law.  As to the claim set up in the complaint on account of the services of the minor son of the plaintiff, the referee finds against the plaintiff, and that he has no claim on that account either against the firm or the defendant, because as he finds, instead of the agreement on that subject being as set out in the complaint, it was agreed between the parties that the services of the son should be set off against the rent of the store occupied by the parties and which belonged to the defendant, so that the case is disembarrassed of whatever doubt might have been thrown over the character of the action, by the fact that such claim was set up, and which, as stated in the complaint, would seem, if it had any existence, to be a claim against the firm.

At the last June term we reversed a judgment on the report of a referee, where a complaint stated a case for an accounting between copartners, and the referee found there had been no partnership, but gave the plaintiff judgment as in an action at law for the price of an engine, which, in the complaint, was alleged by the plaintiff to have been furnished by him to the alleged firm, of which he claimed to be a member; and our decision was based upon the ground that the complaint, being an action for an account in equity, could not be changed into an action at law to recover the price of goods sold and delivered.  This case presents the precisely converse attempt, namely, to change an action at law, for goods sold and delivered, into an action in equity, for an account between partners.

There are various other questions as to the admission of evidence and the findings of the referee, touching the accounting; but as I am of the opinion that the judgment must be reversed for the fundamental error in going into the accounting at all, I have not considered them.

The judgment should be reversed and a new trial ordered, costs to abide the event.

Judgment reversed.